UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------
BRACHA EISEN
on behalf of herself and
all other similarly situated consumers

Plaintiff,

-against-


ENHANCED RECOVERY COMPANY, LLC

Defendant.


---------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1.    Plaintiff Bracha Eisen seeks redress for the illegal practices of Enhanced Recovery Company, LLC, concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4.    Upon information and belief, Defendant's principal place of business is located in Jacksonville, Florida.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Bracha Eisen*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. The Defendant sought to collect on a balance, purportedly owed to Sprint.

11. The Plaintiff does not and has never had any contractual relationship with Sprint.

12. The balance that the Defendant was seeking to collect was non-existent; the Defendant made the Plaintiff believe that she in fact owed such an amount to Sprint when it was not the case.

13. The Defendant deceptively engaged in the collection of an invalid debt purportedly owed by the Plaintiff.

14. The Plaintiff herself, contacted Sprint on or about November 27, 2017 and received confirmation that there was no Sprint account in her name.

15. Section 1692e of the FDCPA states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of --
>
> (A) the character, amount, or legal status of any debt."

16. Section 1692(f) of the FDCPA states:

"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

17.     The Defendant misrepresented the legal status of the alleged debt, as the debt was not owed by the Plaintiff.[1]

18.     Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) of the FDCPA for the false representation of the character, amount, or legal status of the debt, and for collecting on a debt which was not expressly authorized by the agreement creating the debt or permitted by law.

19.     The Plaintiff further disputed the debt with the Defendant in writing on October 9, 2017 by mailing a letter of dispute to 8014 Bayberry Rd, Jacksonville, Florida 32256.

20.     The Plaintiff subsequently pulled her credit report on November 28, 2017 and discovered that the Defendant had re-reported the alleged Sprint debt, yet had failed to report it as disputed.

21.     Upon information and belief, it is the Defendant's pattern and practice that when re-reporting the debt to the credit reporting agencies to not include the disputed nature of the disputed debt.

---

[1] See Lee v. Kucker & Bruh, LLP, 2013 U.S. Dist. LEXIS 110363, 2013 WL 3982427 (S.D.N.Y. Aug. 2, 2013). ("Defendants argue that they are not liable for violating the FDCPA because they did not know that they were misrepresenting that Mr. Lee's account was delinquent. ([Footnote 1] Defendants rely on the decision in *Stonehart v. Rosenthal*, No. 01 Civ. 651, 2001 U.S. Dist. LEXIS 11566, 2001 WL 910771, at *6 (S.D.N.Y. Aug. 13, 2001) (holding that to "state a claim under § 1692e(2) of the FDCPA, [the plaintiff] must show that [the debt collector] knowingly misrepresented the amount of the debt"), and similar district court cases inside and outside this circuit. These cases, however, are at odds with binding Second Circuit precedent.), See also Goldman v. Cohen, No. 01 Civ. 5952, 2004 U.S. Dist. LEXIS 25517, 2004 WL 2937793, at *10, n.11 (S.D.N.Y. Dec. 17, 2004), aff'd on other grounds, 445 F.3d 152 (2d Cir. 2006). (concluding that analysis in *Stonehart* contradicts the plain language of 1692k(c) and the law as stated by the Second Circuit). This argument is contrary to binding Second Circuit precedent. The Defendants here are strictly liable for their violation of § 1692e. This Court holds that the misrepresentation in the Three Day Notice, the Verification and the Petition for summary nonpayment eviction of a debt supposedly owed by Mr. Lee for rent and fuel charges, when in fact he was current on his payments, is a violation of § 1692e(2)(A)."), Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP, No. 16-2165-cv, 2017 BL 407422 (2d Cir. Nov. 14, 2017). ("[S]ection 1692f contains a non-exhaustive list of unfair practices, including the collection of an invalid debt."))

22.   The Defendant failed to communicate the fact that a disputed debt was disputed, in violation of 15 U.S.C. § 1692e(8).  See. <u>Hooks v. Forman, Holt, Eliades & Ravin, LLC</u>, 717 F.3d 282, 285-86 (2d Cir. 2013). ("[O]nce a debt has been disputed, a debt collector cannot communicate the debtor[s] information to others without disclosing the dispute. 15 U.S.C. § 1692e(8)... <u>Such debtor consumers would also undoubtedly benefit from having the fact of the dispute reported</u> **whenever the debt collector communicates with others about the debt, in accordance with § 1692e(8)**").

23.   On November 28, 2017 the Plaintiff disputed the debt directly with the national credit bureaus and informed them that debt being reported was invalid and non-existent.

24.   Despite the fact that the Defendant knew the debt was invalid and non-existent, it nevertheless re-reported the debt as a valid debt, without a notation of a dispute.

25.   Defendant intentionally gives false information regarding the reporting of disputes to the credit bureaus.

26.   Defendant violated the FDCPA since it reported information about the debt that it knew to be false at the time that the reporting was made. [2]

27.   It is unfair and unconscionable that Defendant can use the credit reporting tool to extract payment from debtors, yet when the consumer wishes to have his or her dispute reported to the credit reporting agency, the Defendant does not actually forward the dispute when communicating further.

28.   Plaintiff did in fact dispute the invalid debt with the Defendant, yet the Defendant did not register the dispute with the credit reporting agencies.

29.   As a result of Defendant's deceptive, misleading and unfair debt collection practices, the

---

[2] See <u>Janjua v. Ocwen Loan Servicing LLC</u>, 1:14-cv-06303-CBA-JO (E.D.N.Y. Feb. 26, 2016). (Bagley, J.) ("[T]he plain language of 1692e(8), indicates that a debt collector violates this provision if it communicates information about a debt that it knows or should know to be false at the time the communication is made.")

Plaintiff has suffered actual damages.

30. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

31. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

32. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

33. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

34. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

35. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

36. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

37. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

38. As an actual and proximate result of the acts and omissions of the Defendant, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress

and acute embarrassment for which she should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

39. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty eight (38) as if set forth fully in this cause of action.

40. This cause of action is brought on behalf of Plaintiff and the members of a class.

41. The class consists of all persons whom Defendant's records reflect resided in the State of New York who communicated with Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the Defendant collected upon a non-existent and invalid debt; (b) the Defendant did not have the proper credit reporting information; (c) when subsequently re-reporting the debt with the credit bureaus, the Defendant failed to report the disputed debt as disputed; (d) the Defendant made false statements in violation of 15 U.S.C. §§ 1692d, 1692e(2), 1692e(5), 1692e(8) and 1692f.

42. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A. Based on the fact that form collection letter and telephonic communications are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The

principal question presented by this claim is whether the Defendant violated the FDCPA.

C.  The only individual issue is the identification of the consumers who received such collection letters and such telephonic communications (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

D.  The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

E.  The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

43.  A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

44.  If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

45.    Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

46.    The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

47.    Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in her favor and against the Defendant and award damages as follows:

A.  Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

B.  Attorney fees, litigation expenses and costs incurred in bringing this action; and

C.  Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
October 9, 2018

_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

_____/s/ Adam J. Fishbein____
Adam J. Fishbein (AF-9508)

-8-