UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

BRACHA EISEN, on behalf of herself and all others similarly situated, :

                                                             :   Case No.:1:18-cv-05657-ENV-RER

                            Plaintiffs,

                                                             :

                              v.                                :   **ENHANCED RECOVERY COMPANY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES**

ENHANCED RECOVERY COMPANY, LLC

                               Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## DEFENDANT, ENHANCED RECOVERY COMPANY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES

     Defendant Enhanced Recovery Company, LLC ("ERC" or "Defendant"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to the Plaintiff's Class Action Complaint filed by Plaintiff, Bracha Eisen ("Plaintiff").

## INTRODUCTION

     1.     ERC admits that Plaintiff brings this action pursuant to the FDCPA, but denies committing any violation of the foregoing law.

## PARTIES

     2.     ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and, therefore, denies the allegations.

     3.     ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and, therefore, denies the allegations.

     4.     ERC admits that it maintains an office in Jacksonville, Florida.

5. ERC admits that it is in the business of providing collection services on behalf of its customers.

6. The allegations contained in paragraph 5 of the Complaint are legal conclusions to which no response is required. All questions of law are respectfully referred to the Court. To the extent a response is deemed necessary, ERC states as follows: ERC admits that it is in the business of providing collection services on behalf of its customers.

## JURISDICTION AND VENUE

7. ERC admits that this Court generally has jurisdiction over claims arising under federal law.

8. ERC admits that venue is proper in this District, but denies committing any act or omission giving rise to the claims asserted in this action.

## FACTUAL ALLEGATIONS

9. ERC admits that it contacted Plaintiff regarding an overdue account in the name of Plaintiff placed with ERC for collection by its customer, Sprint. ERC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the Complaint and, therefore, denies the allegations.

10. ERC admits that it contacted Plaintiff regarding an overdue account in the name of Plaintiff placed with ERC for collection by its customer, Sprint.

11. ERC denies the allegations contained in paragraph 11 of the Complaint.

12. ERC denies the allegations contained in paragraph 12 of the Complaint.

13. ERC denies the allegations contained in paragraph 13 of the Complaint.

14. ERC denies the allegations contained in paragraph 14 of the Complaint.

15. The allegations contained in paragraph 15 of the Complaint are legal conclusions to which no response is required. All questions of law are respectfully referred to the Court. To the extent a response is deemed necessary, ERC states as follows: ERC respectfully refers the Court to the full text of the FDCPA.

16. The allegations contained in paragraph 16 of the Complaint are legal conclusions to which no response is required. All questions of law are respectfully referred to the Court. To the extent a response is deemed necessary, ERC states as follows: ERC respectfully refers the Court to the full text of the FDCPA.

17. ERC denies the allegations contained in paragraph 17 of the Complaint.

18. ERC denies the allegations contained in paragraph 18 of the Complaint.

19. ERC denies receiving a letter from Plaintiff or that Plaintiff disputed the account with ERC. ERC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 of the Complaint and, therefore, denies the allegations.

20. ERC admits that it reported that an overdue account in Plaintiff's name had been placed with ERC for collection to the credit bureaus, but denies that it was required to report the account as disputed. ERC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20 of the Complaint and, therefore, denies the allegations.

21. ERC denies the allegations contained in paragraph 21 of the Complaint.

22. ERC denies the allegations contained in paragraph 22 of the Complaint.

23. ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and, therefore, denies the allegations.

24. ERC denies the allegations contained in paragraph 24 of the Complaint.

25. ERC denies the allegations contained in paragraph 25 of the Complaint.

26. ERC denies the allegations contained in paragraph 26 of the Complaint.

27. ERC denies the allegations contained in paragraph 27 of the Complaint.

28. ERC denies the allegations contained in paragraph 28 of the Complaint.

29. ERC denies the allegations contained in paragraph 29 of the Complaint.

30. ERC denies the allegations contained in paragraph 30 of the Complaint.

31. ERC denies the allegations contained in paragraph 31 of the Complaint.

32. ERC denies the allegations contained in paragraph 32 of the Complaint.

33. ERC denies the allegations contained in paragraph 33 of the Complaint.

34. ERC denies the allegations contained in paragraph 34 of the Complaint.

35. ERC denies the allegations contained in paragraph 35 of the Complaint.

36. ERC denies that it made false misrepresentations. The remaining allegations contained in paragraph 36 of the Complaint are legal conclusions to which no response is required. All questions of law are respectfully referred to the Court. To the extent a response is deemed necessary, ERC denies the allegations and respectfully refers the Court to the full text of the FDCPA.

37. ERC denies the allegations contained in paragraph 37 of the Complaint.

38. ERC denies the allegations contained in paragraph 38 of the Complaint.

## CAUSE OF ACTION

39. ERC responds to paragraphs 1 through 38 of the Complaint as set forth fully above.

40. ERC admits that Plaintiff brings this action against it as a putative class action, but denies the claims asserted are appropriate for class relief, and denies any liability to Plaintiff or the putative class.

41. The allegations contained in paragraph 41 of the Complaint are Plaintiff's purported definition of classes he seeks to represent and, accordingly, no response is necessary. All questions of law are respectfully referred to the Court. To the extent a response is deemed necessary, ERC denies that any such classes can be properly certified or maintained under Rule 23.

42. The allegations contained in paragraph 42 of the Complaint are legal conclusions regarding whether class certification is appropriate and, accordingly, no response is required. All questions of law are respectfully referred to the Court. To the extent a response is deemed necessary, ERC denies the allegations contained in paragraph 42 of the Complaint.

43. The allegations contained in paragraph 43 of the Complaint are legal conclusions regarding whether class certification is appropriate and, accordingly, no response is required. All questions of law are respectfully referred to the Court. To the extent a response is deemed necessary, ERC denies that any such classes can be properly certified or maintained under Rule 23.

44. ERC denies that the claims asserted in this action are appropriate for class relief, and denies any liability to Plaintiff or the putative class.

SGR/19700871.1

45. The allegations contained in paragraph 45 of the Complaint are legal conclusions to which no response is required. All questions of law are respectfully referred to the Court. To the extent a response is deemed necessary, ERC states as follows: ERC respectfully refers the Court to the full text of the FDCPA and the opinions of the Second Circuit.

46. ERC denies the allegations contained in paragraph 46 of the Complaint.

47. ERC denies the allegations contained in paragraph 47 of the Complaint.

## GENERAL DENIAL

48. ERC denies all allegations of the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims against ERC must be dismissed because Plaintiff has failed to state a claim for which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims against ERC must be dismissed because Plaintiff did not suffer a concrete injury-in-fact and, therefore, lacks standing to assert the claims before this Court.

### Third Affirmative Defense

Plaintiff's claims against ERC fail to the extent Plaintiff attempts to impose liability on ERC for the actions of third parties not under ERC's control.

### Fourth Affirmative Defense

Plaintiff's claims against ERC must be dismissed because all actions taken by ERC were consistent with its obligations under the FDCPA.

**Fifth Affirmative Defense**

Plaintiff's claims against ERC fail because any alleged violation would be the result of a *bona fide* error despite the maintenance of procedures designed to prevent such errors. Specifically, ERC reasonably relied on the information provided to it by its customer, Sprint, in beginning collection activity on the subject account.

**Sixth Affirmative Defense**

ERC reserves the right to challenge the sufficiency of Plaintiff's class allegations, including the right to raise issues or defenses applicable to the purported claims of the named Plaintiff and/or individual putative class members, at the appropriate stages of this proceeding.

## CLAIM FOR ATTORNEYS' FEES

On information and belief, this action was brought against, or has been continued against, Defendant in bad faith and for the purposes of harassment and Defendant seeks its costs and fees in defending this action under 15 U.S.C. § 1692k(a)(3).

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully requests that the Court enter judgment against Plaintiff and in favor of Defendant in connection with all claims for relief in the Complaint, award Defendant its reasonable attorneys' fees and costs, and for such other and further relief as the Court deems just and equitable.

Dated: New York, New York
January 11, 2019

**SMITH, GAMBRELL & RUSSELL, LLP**

By:   /s/ Nicole Haff
Nicole Haff
1301 Avenue of the Americas, 21st Floor
New York, New York 10019
Phone: (212) 907-9700
Fax: (212) 907-9800
Email: nhaff@sgrlaw.com
*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Adam J. Fishbein, Esq.
Adam J. Fishbein, P.C.
735 Central Avenue
Woodmere, NY 11598
Tel: (516) 668-6945
Email: fishbeinadamj@gmail.com

                                              /s/ Nicole Haff
                                                Nicole Haff

SGR/19700871.1